JOHN T. WILSON

v.

JAMES T. CHALLIS.

*Sales—Rescission for Fraud—When Vendor Excused from Placing Vendee in* Statu Quo.

The rule that a vendor can not rescind a sale on the ground of fraud without placing the vendee in *statu quo* is subject to exception, where the vendee has by his own acts put it out of the power of the vendor to place him in *statu quo*.

[Opinion filed May 21, 1891.]

APPEAL from the Circuit Court of Livingston County; the Hon. N. J. PILSBURY, Judge, presiding.

Messrs. MCILDUFF & TORRANCE and D. L. BISHOP, for appellant.

Mr. GEORGE W. PATTON, for appellee.

C. B. SMITH, P. J. This was a replevin suit by appellee against appellant, who was sheriff of Livingston County, to recover a lot of boots and shoes which appellee claimed. The material facts out of which this controversy arose are substantially as follows: Harris, John and D. Rosenthal are three brothers, and all of them dealers in clothing. Harris Rosenthal

lives in Indiana, John and D. Rosenthal live in Livingston County, Illinois, and John carried on a store in Cullum, but carried it on in the name of his brother D. Rosenthal. James T. Challis through his traveling salesman made sales of goods from time to time to John Rosenthal, but without knowing he was dealing with John. John always represented himself as D. Rosenthal, and carried on the store in that name and represented himself as being D. Rosenthal. At various times when these goods or parts of them were bought, John represented that he was making money and owed little or nothing, and in order to induce appellee to think he was carrying a large stock, he had his shelves all filled with empty shoe boxes, with but a single pair of shoes, with one of them hanging outside the box. John informed appellee's agent that he owned the store and owed but a small amount, and by deceitful practices and falsehood obtained the goods which are the subject of this suit. In point of fact D. Rosenthal had no interest whatever in this store nor in the stock of goods, nor had ever bought them. While some of these goods, so fraudulently obtained from appellee by John Rosenthal were still in the store, Harris Rosenthal obtained a judgment against his brother D. Rosenthal, and had an execution put in the hands of the sheriff, and levied upon the goods in question as the goods of D. Rosenthal, but which were in fact in the possession of John Rosenthal. Appellee having discovered the fraudulent practices of John in getting these goods under his brother's name, and upon false and fraudulent representations of his ability to pay and the amount of his stock, thereupon replevied the remnant of goods from the sheriff. A trial was had and resulted in a verdict and judgment for appellee. Appellant brings the record here and assigns various errors. The chief contention on the part of appellant is based on the claim that appellee could not rescind the sale for fraud unless he could get hold of all the goods obtained from him, or unless he restored John Rosenthal to his original position by refunding what money he had paid on some of the goods. While the general rule undoubtedly is that a seller can not rescind a sale without putting the buyer in *statu quo*, still this

rule has its exceptions and the case before us illustrates it and furnishes an example. In this case the purchaser has put it out of the power of appellee to restore the parties to their original condition. He has sold a part of the goods, and received the money for those sold. The fact that appellee can not find all the goods obtained from him fraudulently, is no reason why he may not take such as he can find. We think the jury was justified, under the evidence in this case, in finding that John Rosenthal obtained these boots and shoes fraudulently from appellee and that the verdict was right. It is also urged as error that the court erred in giving the fourth and fifth instructions for appellee. While these instructions have no evidence to support their assumptions, still, it did appellant no harm to give them, for the reason that it is certain from the evidence that D. Rosenthal had no interest or ownership whatever in the goods, and the giving these instructions, though without evidence in their support, could do appellant no harm. Finding no reversible error in the record, the judgment is affirmed.

*Judgment affirmed.*